UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JAMES GLOVER, III** | **CIVIL DOCKET NO. 1:20-CV-01655** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **ECONOMICAL JANITORIAL & PAPER SUPPLIES, LLC** | **MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES** |

## MEMORANDUM RULING

Before the Court is a MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12 filed by Defendant, Economical Janitorial & Paper Supplies, LLC ("Defendant"). [Doc. 15]. For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED.

### PROCEDURAL HISTORY

On December 17, 2020, James Glover, III ("Plaintiff"), acting *pro se*, filed the instant suit against his former employer, Economical Janitorial & Paper Supplies, LLC ("Defendant"), alleging violations of 42 U.S.C. § 1981; the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158; and the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12203. [Doc. 1]. Plaintiff claims that Defendant unlawfully terminated his employment and retaliated against him for voicing safety concerns on a customer's Facebook page. [*Id*.]. On February 26, 2021, Defendant filed a Motion to Dismiss ("the Motion") seeking dismissal of all Plaintiff's claims. [Doc. 15]. Defendant opposed the Motion [Doc. 21], to which Defendant filed a Reply brief. [Doc. 22]. The Motion is ripe for ruling.

## F<small>ACTUAL</small> H<small>ISTORY</small>

Defendant is a distributor of sanitary maintenance and food service supplies. [Doc. 15-1]. Plaintiff began working for Defendant on November 12, 2019, as a full-time delivery driver. [*Id.*]. Plaintiff's job responsibilities included delivering Defendant's products to customers. [*Id.*]. In early April 2020, with much of the world in the grips of the COVID-19 pandemic, one of Defendant's customers instructed the Plaintiff to make a delivery to a particular location within its facility. [*Id.*]. Later that month, Plaintiff, from his personal Facebook account, posted certain "safety concerns" relating to the customer's COVID-19 precautions to the customer's Facebook page. [Doc. 1].[1] The customer took "screenshots" of the Plaintiff's Facebook posts and emailed them to the Defendant. [Doc. 15-3, p.17-21]. Thereafter, on April 21, 2020, Defendant terminated Plaintiff's employment for his "gross disrespect to a customer with whom [Defendant] did business." [Doc. 15-1].

On September 18, 2020, Plaintiff filed a Charge of Discrimination ("EEOC Charge") [Doc. 15-3, p.5] with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on age.[2] On October 8, 2020, the EEOC

---

[1]   The Court notes that Plaintiff does not dispute that he was responsible for the Facebook posts at issue. One such post reads:
> "This is a fake ass advertisement. I deliver supplies to Opelousas General Hospital and they are the only hospital from Alexandria, Monroe, Shreveport, and Lake Charles that allow deliver [sic] drivers to wheel pallets inside their building. The other hospitals don't even want you inside their buildings period. We deliver to the dock and that's it. This is 'propaganda.' This is only my opinion because I deliver to Opelousas General Hospital. Apparently, they don't give a dam [sic] about 'deliver [sic] drivers.' Real talk."

[Doc. 15-3].

[2]   Despite alleging age discrimination in his EEOC Charge, Plaintiff does not make that claim in the instant action, nor does he plead facts supporting such a claim. [*See* Doc. 1].

issued a Dismissal and Notice of Rights to Plaintiff. [Doc. 15-3, p.2]. Plaintiff timely filed the instant suit.

## LAW & ANALYSIS

I. **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of a plaintiff's claims before filing its answer when the pleadings, on their face, fail "to state a claim upon which relief can be granted." A pleading states a claim for relief when, *inter alia*, it contains "a short and plain statement … showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility requires more than just the "sheer possibility" that a defendant acted unlawfully; it calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support the elements of the claim. *Twombly*, 550 U.S. at 556. Although the Rule 8 pleading standard does not require "detailed factual allegations;" mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice. *Id*. at 555.

In ruling on a Rule 12(b)(6) motion, a court may rely on the complaint, its attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d

333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A court must accept as true all factual allegations, although the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678. In sum, if the factual allegations asserted in the complaint are wholly speculative or if it is apparent from the face of the complaint that there is an absolute bar to recovery, the claim should be dismissed. *Twombly*, 550 U.S. at 555.

## II.   42 U.S.C. § 1981 Claim

Defendant argues that Plaintiff has not alleged race discrimination as required to state a claim under 42 U.S.C. § 1981. Section 1981 provides that "[a]ll persons within the ... United States shall have the same right ... to make and enforce contracts," which "includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(a)-(b). This statute "serves as a deterrent to employment discrimination and a means of punishing employers who discriminate on the basis of race." *Carroll v. Gen. Accident Ins. Co. of Am.*, 891 F.2d 1174, 1176 (5th Cir. 1990). A plaintiff alleging a § 1981 discrimination claim must sufficiently plead: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute." *Sherrod v. United Way Worldwide*, 821 Fed. Appx. 311, 316 (5th Cir. 2020) (quoting *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994)).

Plaintiff has the burden of pleading facts that, taken as true, permit the Court to infer "that race was a but-for cause of [his] injury" in order to sustain his § 1981

discrimination claim. *See Comcast Corp. v. Nat'l Assoc. of African American-Owned Media*, ––– U.S. –––, 140 S. Ct. 1009, 1014-15, 206 L.Ed.2d 356 (2020). Indeed, the Supreme Court has clarified that the burden-shifting framework as set forth in *McDonnell Douglas* has no bearing on the "causation standards" for discrimination claims. *Id*. at 1019. Rather, the *McDonnell Douglas* framework is "a tool for assessing claims, typically at summary judgment, when the plaintiff relies on indirect proof of discrimination." *Id*. In all cases, a plaintiff alleging a § 1981 discrimination claim must "initially plead and ultimately prove that, but for [his] race, [he] would not have suffered the loss of legally protected right." *Id*.

Here, Plaintiff has neither alleged that he is a member of a racial minority nor that Defendant intentionally discriminated against him on the basis of race. Nothing in Plaintiff's complaint indicates that Defendant acted with racial animus, but rather that he was terminated because he voiced safety concerns. [Doc. 1 ¶ 6] ("[O]n April 21, 2020, Devon 'unlawfully terminated' me for voicing my 'safety concerns' on [a customer's] Facebook page amidst this worldly 'pandemic.' "). Under these circumstances, Plaintiff's allegations are not "'sufficient factual matter ... to state a claim to relief that is plausible on its face' under the but-for causation standard." *Comcast*, 140 S. Ct. at 1019 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009)). Defendant's Motion is granted as to Plaintiff's Section 1981 claim.

### III. <u>Unfair Labor Practices Claim Under the NLRA</u>

Next, Defendant argues that Plaintiff has not alleged facts constituting an unfair labor practice prohibited by 29 U.S.C. § 158.[3] The NLRA is a federal law that

---

[3] Plaintiff does not cite a particular subsection of § 158. [*See* Doc. 1].

grants employees the right to form or join unions; engage in protected, concerted activities to address or improve working conditions; or refrain from engaging in these activities. *See* 29 U.S.C. § 157. Under § 158(a)(4) of the NLRA, it is an unfair labor practice for an employer to "discharge or otherwise discriminate against an employee because he has filed charges or given testimony" under the NLRA. 29 U.S.C. § 158(a)(4). However, none of the facts alleged in the Complaint implicate the NLRA. The Court finds that Plaintiff's claim under 29 U.S.C. § 158 should be dismissed, as the NLRA has no plausible bearing on the facts as pleaded.

### IV.     Retaliation Claim Under the ADA

Finally, Defendant argues that Plaintiff's disability-based retaliation claim under the ADA should be dismissed because the claim exceeds the scope of Plaintiff's EEOC Charge, and that, accordingly, Plaintiff has failed to exhaust his administrative remedies.

Section 12203 of the ADA prohibits an employer from "discriminat[ing] against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. § 12203. Before a plaintiff brings a civil action under the ADA, he must exhaust his administrative remedies, which requires filing a charge of discrimination with the EEOC and filing suit only after receiving a right-to-sue letter. *Henson v. Bell Helicopter Textron, Inc.*, 128 Fed. Appx. 387, 390 (5th Cir. 2005). "The charge enables the EEOC to investigate and, if appropriate, negotiate a resolution with an employer." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008).

Fifth Circuit precedent is clear that although a plaintiff's exhaustion requirement mandates that an EEOC charge contain sufficient information to trigger an investigation, a plaintiff is not required to "check a certain box or recite a specific incantation to exhaust his or her administrative remedies before the proper agency." *Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006). Rather, the review involves "a 'fact-intensive analysis' of the administrative charge that looks beyond the four corners of the document to its substance." *McClain*, 519 F.3d at 273 (citation omitted). The Court views administrative charges in the "broadest reasonable sense." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 467 (5th Cir. 1970). Because administrative charges are "rarely drawn by an attorney," "the only absolutely essential element of a timely charge of discrimination is the allegation of fact contained therein." *Id.* at 463, 467.

Here, the factual statements asserted in Plaintiff's EEOC Charge are as follows:

- I began my employment with Economical Janitorial and Paper Supplies on November 12, 2019, as a Delivery Driver earning $13.00 per hour. On April 21, 2020, Devon (LNU), discharged me from my position. The company employs over 15 employees.
- According to Mr. Devon, I was being discharged because I was rude to a customer.
- I believe I have been discriminated against because my age, 52 years, in violation of the Age Discrimination in Employment Act of 1967.
- I believe I was unlawfully/wrongfully terminated by Economical Janitorial and Papers.

[Doc. 15-3, p.5].

Even construing the scope of the EEOC Charge liberally, Plaintiff makes no mention of disability or retaliation. On the charge form, Plaintiff checked the box

labeled for discrimination based on "Age," while leaving blank the boxes labeled "Retaliation" and "Disability." Further, in his "Particulars" describing the alleged discrimination, Plaintiff stated that he believes that he was "discriminated against because of [his] age, 52 years, in violation of the Age Discrimination in Employment Act." Plaintiff makes no mention of any disability. Accordingly, Plaintiff's complaint exceeds the "scope" of the investigation triggered by his EEOC Charge. Because Plaintiff did not properly assert a claim for disability-based retaliation under the ADA with the EEOC, Plaintiff's claim must be dismissed without prejudice for failure to exhaust administrative remedies.[4]

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [Doc. 15] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's claims asserted in the Complaint [Doc. 1] are DISMISSED WITHOUT PREJUDICE.

THUS DONE AND SIGNED in Chambers on this 11th day of May 2021.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff may only pursue a claim in this Court again upon final determination of the EEOC as to an amended claim, if such an amendment is permitted by the EEOC.

In its Motion, Defendant also argues that Plaintiff's attempted service of process on Defendant was insufficient. The Court need not address this argument, as all of Plaintiff's claims are dismissed.